(13 App. Div. 363.)

BURNHAM et al. v. EDISON ELECTRIC ILLUMINATING CO.

(Supreme Court, Appellate Division, First Department. January 22, 1897.)

NEW TRIAL—CONFLICTING EVIDENCE—VERDICT CONCLUSIVE.

A verdict for plaintiff in an action for the price of boilers which defendant claims did not come up to plaintiff's warranty will not be disturbed, where the boilers were used for two years, and the evidence as to whether the warranty was complied with is conflicting.

Appeal from trial term, New York county.

Action by George Burnham and others against the Edison Electric Illuminating Company on a contract. From a judgment entered on a verdict in favor of plaintiffs, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

E. H. Lewis, for appellant.
E. P. Johnson, for respondents.

PATTERSON, J. This action was brought to recover a balance alleged to be due on the purchase price of two boilers sold by the plaintiffs' assignor and delivered to the defendant, and "installed" and put in place on the defendant's premises, under a special contract, by which, among other things, it was provided that one half of the purchase price should be paid at the time of the installation of the boilers, and the other half six months from that time. Credit is given for one half of the purchase price. The answer admits the making of the contract, but sets up that the boilers were purchased by the defendant upon an agreement and guaranty that they should be of good material; that the workmanship in the manufacturing and putting up should be first-class in every way; that when set up they should be tested and made tight under a certain hydraulic pressure, and should be able to carry 200 pounds of working pressure; and that the boilers so to be installed should be superior and more efficient than a boiler of another named type; and that, if they did not appear, in every respect, to be superior and more efficient than the other type of boiler, the sellers should, at the end of six months from the installation of the boilers, repay such part of the purchase price as had already been paid, less a sum of $450 per boiler, to be retained as rent; and that the sellers should remove at their own expense the boilers from the defendant's premises, and release the defendant from all claims in respect thereto. The answer then sets up a breach of the contract with reference to the stipulated superiority over the other type of boiler, and that those furnished by the sellers were of poor material and bad workmanship,

and were unmerchantable, and dangerous in operation, and that the boilers were never tested under hydraulic pressure, and were not able to carry 200 pounds of working pressure, and that the sellers, although notified by the defendant, did not comply with the terms and conditions of the contract, and failed to remove the boilers. A counterclaim was interposed for damages alleged to have been sustained by reason of the failure of the sellers to remove the boilers, and to return the amount paid on account of the purchase money, minus the rent properly to be retained. As the issues were framed by the pleadings, the establishment of the affirmative defenses became the principal subject of consideration at the trial. The defendant claimed the affirmative, and it was conceded to it. The case was not tried strictly upon the lines of the interposed defenses, but, on the contrary, it was conducted, and went to the jury, not on the theory that the breaches of contract would entirely defeat the plaintiffs' cause of action, but that they might recover the purchase price remaining unpaid, and that the breaches of the contract by the plaintiffs, if proven, entitled the defendant to set off or recoup against the plaintiffs the amount of the damage sustained by reason of such breaches. The judge charged the jury that, if there were such substantial breaches, it was for them to fix the amount of the damage sustained by the defendant, and deduct it from the purchase price unpaid, and that the measure of damage was the difference between the value of the boilers if they had conformed to the warranty, and their value in the condition in which the jury might find they were at the time the breaches were committed. There was no exception taken to the judge's charge. There was no motion made for the direction of a verdict, or the dismissal of the complaint. The defendant acquiesced in all that the judge charged, and, by such acquiescence, admitted that the case was put to the jury upon the proper theory, and that the rights and liabilities of the parties were controlled by the rules of law pronounced by the judge to be applicable to the case at the trial. Under such circumstances, we would not be justified in declaring that there are reversible errors appearing in this record.

Nothing remains for consideration, then, but the facts as they are brought up on appeal from the order denying the motion for a new trial. What was in contest between the parties as to those facts, under the manner in which the cause was tried and submitted to the jury, related only to the alleged breaches of the contract. There was conflicting evidence on that subject. The express warranty extended to the material of which the boilers should be made, the character of the workmanship in the manufacture, and what is called the "installation" of the boilers, their sufficiency to stand a test both as to pressure, and as to their being water-tight, and that they should be superior to another type of boiler, by which, it seems, their efficiency was to be tested. There was a wide variance in the proof with respect to those several matters of fact. Two witnesses on behalf of the defendant stated that the boilers were valueless, and were worth little more than scrap iron. A witness on behalf of the plaintiffs testified, virtually, that they answered all the require-

ments of the warranty, and it also appeared that both boilers were used by the defendant for periods of from 18 months to 2 years. On this conflicting evidence, which was properly submitted to the jury under the theory on which the case was tried, the verdict rendered ought not to be disturbed.

The judgment and order appealed from should be affirmed, with costs. All concur.